Ronald L. Richman (SBN 139189)
Sarah Bowen (SBN 308633)
BULLIVANT HOUSER BAILEY PC
101 Montgomery Street, Suite 2600
San Francisco, CA 94104-4146
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-mail:ron.richman@bullivant.com
E-mail:sarah.bowen@bullivant.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE CEMENT MASONS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE CEMENT MASONS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; AND BOARD OF TRUSTEES OF THE CEMENT MASONS TRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>BELIVEAU ENGINEERING CONTRACTORS, INC., a California corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS AND FOR A MANDATORY INJUNCTION**<br><br>[29 U.S.C. §185(A); 29 U.S.C. §§1109, 1132(G)(2), 114; 28 U.S.C. §1367(A)] |

Now comes the plaintiffs, hereinabove named, and for their causes of action against defendants, allege as follows:

### I. JURISDICTION

1. This is an action for damages for breach of the collective bargaining agreement described below, for recovery of unpaid trust fund contributions and for injunctive relief. This

Court has jurisdiction of the action under and pursuant to the provisions of 29 U.S.C. §185 (§301 of the Labor Management Relations Act of 1947, as amended) and 29 U.S.C. §§1132(a)(3) and 1132(e)(1) (§§502(a)(3) and 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended) ("ERISA"). The suit arises from the defendant's failure to make trust fund contributions as required by the collective bargaining agreement, by the written trust agreements, and by provisions of federal law.

## II. <u>INTRADISTRICT ASSIGNMENT</u>

2. Venue of the within action is properly laid in the U.S. District Court for the Northern District of California in that, under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), contributions are made to, and benefits are paid from, a corporate co-trustee bank in the Northern District of California.

## III. <u>PARTIES</u>

3. The Cement Masons Health and Welfare Trust Fund for Northern California, Cement Masons Vacation-Holiday Trust Fund for Northern California, Cement Masons Pension Trust Fund for Northern California, and Cement Masons Training Trust Fund for Northern California are the plaintiffs herein. The Cement Masons Health and Welfare Trust Fund for Northern California, Cement Masons Vacation-Holiday Trust Fund for Northern California, Cement Masons Pension Trust Fund for Northern California, and Cement Masons Training Trust Fund for Northern California (the "Trust Funds") are trust funds organized under and pursuant to the provisions of §§302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§186(c)(5) and 186(c)(6). The Trust Funds were established through collective bargaining agreements between the District Council of Plasters and Cement Masons of Northern California and employer associations representing construction industry employers doing business in Northern California. The Trust Funds are employee benefit plans created by written trust agreements subject to and pursuant to §§3(3) and 3(37) of ERISA, 29 U.S.C. §§1002(3) and (37). The Boards of Trustees, as fiduciaries, are the plaintiffs, who sue on behalf of the Trust Funds.

4.      Each of the Trust Funds is a third party beneficiary of the collective bargaining agreement described below.

5.      At all times mentioned herein, each of the Trust Funds was an express trust created by a written trust agreement subject to and pursuant to §302 of the Labor Management Relations Act, 29 U.S.C. §186, and a multi-employer benefit plan within the meaning of sections 3 and 4 of ERISA, 29 U.S.C. §§1002, 1003.

6.      The Trust Funds provide a variety of benefits for cement masons, retired cement masons and other related covered employees on whose behalf contributions are made pursuant to collective bargaining agreements. The duties of the Board of Trustees of the Trust Funds include ensuring that employers who are signatories to said collective bargaining agreements comply with the terms of those agreements with respect to payments and contributions to the Trust Funds.

7.      Plaintiffs are informed and believe, and upon that ground allege, that at all times material hereto, defendant Beliveau Engineering Contractors, Inc. ("Beliveau") was and is a California corporation with its principal place of business located in Oakland, California. Plaintiffs are further informed and believe, and upon that ground allege, that Beliveau is and has been an employer within the meaning of section 3(5) and section 515 of ERISA, 29 U.S.C. §§1002(5), 1145 and an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185.

## IV. FIRST CLAIM FOR RELIEF

### (Breach of Collective Bargaining Agreement)

8.      Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1 - 7 of this Complaint.

9.      Beliveau, California Contractor's License 601562, executed a Memorandum Agreement by which Beliveau became bound to a written collective bargaining agreement with the District Council of Operative Plasterers and Cement Masons of Northern California ("Cement Masons Union"), known as the "Master Agreement." Currently, the "Master Agreement" is the Master Labor Agreement between Associated General Contractors of

California, Inc. and the Cement Masons Union. The Memorandum Agreement was signed on May 17, 2016. In agreeing to be bound to the Master Agreement, defendant agreed to be subject to and bound by all provisions and conditions of the written Trust Agreements which established the Trust Funds. Pursuant to the provisions of the Master Agreement, defendant agreed to be bound by all terms relating to wages, hours and conditions of employment prescribed therein with the Cement Masons Union.

10. By virtue of the Master Agreement and written trust agreements, defendant promised and agreed that: (1) it would pay employee fringe benefit contributions into each Trust Fund in regular monthly installments commencing on or before the 15th day of the month immediately succeeding the month in which the employee's work was performed; (2) that in the event that any of said monthly installments were not paid in full on or before the 25th day of the month in which such contributions became due, it would pay interest on the delinquent contribution in the amount of 1.5% per month until paid in full, and would also pay the amount of $150 for each delinquent contribution as liquidated damages, and not as a penalty; and (3) that if any suit with respect to any of said contributions or payments were filed against it, it would pay into said Trust Funds the attorneys' fees, costs and all other expenses incurred in connection with such suit.

11. The Master Agreement between the Cement Masons Union and Beliveau has never been terminated.

12. Plaintiffs have performed all conditions, covenants and promises on their part to be performed in accordance with the terms and conditions of the Master Agreement and Trust Agreements.

13. Within four years last past, defendant materially breached and broke the aforesaid Master Agreement and trust agreements in the following respects:

    a. by reporting, but failing to pay, all employee fringe benefit contributions for its covered employees reported into each Trust Fund (reported, not paid) for the period July 2017; May – July 2018, September – December

2018; and January – February 2019 in the principal amount of $46,316.74, according to proof at trial; and

  b. by failing to pay interest and liquidated damages on the unpaid and delinquent employee fringe benefit contributions (reported, not paid), for the period July 2017; May – July 2018; September – December 2018, and January – February 2019, according to proof at trial; and

  c. by failing to pay interest and liquidated damages on contributions paid, but paid late, for the period June – December 2016; January – June 2017, August – December 2017, January – April 2018, August 2018, and March 2018 in the amount of $32,180.02, and according to proof at trial.

 14. The aforesaid material breaches proximately caused damages to plaintiffs in the following approximate amounts, all according to proof at trial: (a) for unpaid contributions (reported, not paid) in the principal amount of $46,316.74 plus interest and liquidated damages in an amount to be proved at trial; and (b) interest and liquidated damages on contributions paid, but paid late, in an amount to be proved at trial. Interest will continue to accrue at the rate of 1.5% each month during the pendency of this lawsuit.

 15. Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of the Master Agreement and the trust agreements, plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

 WHEREFORE, plaintiffs pray for judgment as set forth below.

### V. SECOND CLAIM FOR RELIEF
**(Recovery of Unpaid Trust Fund Contributions)**
**(ERISA §§502(g)(2), 515)**

 16. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1 - 15 of this Complaint.

 17. ERISA Section 515, 29 U.S.C. §1145, requires defendant to make such contributions to the plaintiff Trust Funds as are required under the terms of its collective

bargaining agreement with the Cement Masons Union. Pursuant to the provisions of their trust agreements, plaintiffs are entitled to enforce defendant's obligations to make those contributions.

18.   Defendant reported, but failed to pay (reported, not paid), all employee fringe benefit contributions into each Trust Fund for the period July 2017; May – Jul, 2018; September – December 2018; and January – February 2019 in the principal amount of $46,316.74, according to proof at trial. Defendant is further obligated by the provisions of the Master Agreement and the Trust Agreements to pay interest on unpaid contributions at the rate of 1.5% per month until paid and liquidated damages in the amount of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund.

19.   Pursuant to the provisions of ERISA, Section 502(g)(2), 29 U.S.C. §1132(g)(2), plaintiffs are entitled to the following statutory relief:

    a.   Section 502(g)(2)(A): for contributions not reported, an award in the principal balance of $46,316.74, according to proof at trial;

    b.   Section 502(g)(2)(B): for contributions not reported and not paid, an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment, in the amount of $5,760.78 as of April 26, 2019, and according to proof at trial; and

    c.   Section (g)(2)(C): the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment or; (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund, in the amount of $5,760.78 as of April 26, 2019, and according to proof at trial, for contributions not paid.

20. Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of §502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(D), plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## VI. THIRD CLAIM FOR RELIEF

### (Mandatory Injunction)

21. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1 - 20 of this Complaint.

22. Pursuant to the terms and conditions of the Master Agreement and Trust Agreements, defendant Beliveau is required to allow the Trust Funds access to its books and records to determine the amount of trust fund contributions due and owing. Plaintiffs have, as one of their purposes, the obligation to ensure that contributions required to be made to the Trust Funds are fully and correctly made. The purposes of the respective funds are to provide health and welfare, vacation, pension and other benefits for cement masons, retired cement masons and other related covered employees on whose behalf contributions are made, which benefits are supported by such contributions, and to ensure that employers who are signatories to the collective bargaining agreement referred to herein comply with the terms of the agreement with respect to the payment of contributions to the Trust Funds.

23. Pursuant to ERISA §502(g)(2)(E), 29 U.S.C. §1132(g)(2)(E), the Court may award such other legal or equitable relief as the Court deems appropriate, and pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), plaintiffs are entitled to obtain appropriate equitable relief for the breaches alleged herein. Plaintiffs seek a mandatory injunctive order of this Court ordering and requiring defendant Beliveau to permit plaintiffs' auditor access to the books and records of defendant Beliveau in order to permit plaintiffs to verify the precise amounts owed by defendants to the Trust Funds.

24. Plaintiffs seek a mandatory injunctive order from this Court because plaintiffs have no adequate legal remedy in that an audit of the books and records of defendant Beliveau is

the only means to accurately verify the additional amounts owed by defendant to the Trust Funds.

WHEREFORE, plaintiffs pray for judgment as follows.

## VII. **RELIEF REQUESTED**

1.  On the First Claim for Relief, for damages for breach of the collective bargaining agreement for judgment against defendant: (a) for unpaid contributions (reported, not paid) in the principal amount of $46,316.74 plus interest and liquidated damages in an amount to be proved at trial; (b) interest and liquidated damages on contributions paid, but paid late, in an amount to be proved at trial; (c) such other or further amounts as may be shown at trial and as may be discovered after plaintiffs have had the opportunity to conduct an audit of defendant Beliveau's books and records, for costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper.

2.  On the Second Claim for Relief, for recovery under ERISA §502(g)(2), 29 U.S.C. §1132(g)(2), for judgment against defendant as follows:

   a. Under Section 502(g)(2)(A) – for unpaid contributions (reported, not paid) in the principal amount of $46,316.74, according to proof at trial;

   b. Under Section 502(g)(2)(B) – an award of interest on the unpaid fringe benefit contributions on the contributions reported, but not paid, at the rate of 1.5% per month, from the date of delinquency, until the date of judgment, in the amount of $5,760.78 as of April 26, 2019, and according to proof at trial; and

   c. Under Section 502(g)(2)(C) – the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of delinquency, until the date of judgment; or (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Funds, in the amount of $5,760.78 as of April 26, 2019, and according to

proof at trial. In addition, plaintiffs seek costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper.

3. On the Third Claim for Relief, that defendant be compelled to forthwith submit to an audit by an auditor selected by plaintiffs, which audit is to be conducted at the premises of defendant during business hours, at a reasonable time or times, and to allow said auditor to examine and copy such books, records, papers and reports of defendant Beliveau that are relevant to the enforcement of the collective bargaining agreement and trust agreements, including, but not limited to, the following for the period June 1, 2016 through the present:

> California Quarterly Report of Wages, Form DE-6; Federal Tax Forms W-3/W-2 and 1069/1099; Payroll Registers/Journals; Individual Earnings Records; Source Records, including time cards and time card summaries for all employees; contribution reports for all trust funds; workers' compensation reports; certified payroll reports; personnel records indicating job classifications and hire/termination dates; cash disbursement journal; vendor invoices; copies of subcontract agreements; cash receipts journal; general ledger; job cost records; records of related entities; and any other books and records that may be necessary to complete the auditor's determination or provide additional explanation.

In addition, plaintiffs seek costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper.

DATED: May 10, 2019

                                              BULLIVANT HOUSER BAILEY PC


                                       By  */s/ Sarah Bowen*
                                             Ronald L. Richman
                                             Sarah Bowen

                                             Attorneys for Plaintiffs